NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3562
_____

UNITED STATES OF AMERICA

v.

RAFAEL DOMINGUEZ,
                                    Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-07-cr-00064-004)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2012
_____

Before:  SCIRICA, AMBRO and NYGAARD, Circuit Judges

(Opinion filed: April 19, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

        Rafael Dominguez pled guilty to criminal forfeiture and conspiracy to distribute

and possess cocaine hydrochloride in March 2009.  The District Court for the Middle

District of Pennsylvania sentenced Dominguez five months later, and he filed a timely

notice of appeal. Subsequently, Dominguez's attorney moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Dominguez has filed a *pro se* brief in support of his appeal. We grant his counsel's *Anders* motion, affirm the judgment and sentence of the District Court, and dismiss without prejudice the ineffective-assistance-of-counsel claim that Dominguez asserts for the first time on appeal.

## I.

A federal grand jury charged Dominguez with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1); (3) distribution and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and (4) criminal forfeiture in violation of 21 U.S.C. § 853.

Over a year later, the Government filed a two-count superseding felony information that charged only the first and fourth offenses on the indictment. At the same time, Dominguez pled guilty to those two charges in a written plea agreement. That agreement included a waiver of his rights to direct and collateral appeal.

The District Court then held a plea hearing. There, it addressed Dominguez through a Spanish-language interpreter. Dominguez affirmed that he could understand the Court's questions through the interpreter. In the ensuing plea colloquy, the Court advised Dominguez that he had rights to direct and collateral appeals and that his plea

agreement waived those rights.  Dominguez indicated that he understood and agreed.  The Court further ensured that Dominguez had read and understood the waiver provision in his plea agreement.

After the Court accepted Dominguez's plea but before the sentencing hearing, Dominguez moved to withdraw his plea.  He asserted that he had not properly understood the interpreter at his plea hearing and that he was not in possession of drugs when he was arrested.  The Court denied his motion and sentenced him to 121 months of imprisonment, a $1,000 fine, a $100 special assessment, and three years of supervised release.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## II.

### A.

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*."  3d Cir. L.A.R. 109.2(a).  If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel."  *Id.*  Accordingly, our "inquiry is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

3

In his *Anders* brief, Dominguez's counsel identifies three potential grounds for appeal: (1) that Dominguez's waiver of appeal was not knowing and voluntary; (2) that the waiver of appeal would result in a miscarriage of justice; and (3) that the District Court abused its discretion in denying Dominguez's motion to withdraw his guilty plea. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for direct appeal.

First, "we will not exercise . . . jurisdiction to review the merits of [Dominguez's] appeal if we conclude that []he knowingly and voluntarily waived [his] right to appeal." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Save for Dominguez's *pro se* brief, which we address below in section II.B, the record offers no indication that Dominguez's waiver was not knowing and voluntary. The plea agreement states that he had a right to appeal. It then adds: "Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence . . . ." The District Court asked Dominguez whether he had "carefully reviewed this paragraph with [his] attorney," and Dominguez responded that he had. The Court separately advised Dominguez of his appeal rights and asked: "Do you understand that this plea agreement severely limits your right to appeal and prevents you from using later proceedings like a collateral attack and *habeas corpus* to challenge your conviction, sentence, or any other matter?" Dominguez again affirmed that understanding. With this colloquy, the Court ensured Dominguez's understanding of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N).

Second, we may nonetheless exercise appellate jurisdiction if enforcing the waiver of appeal "would work a miscarriage of justice." *Gwinnett*, 483 F.3d at 203. In making that determination, we consider, among other factors, "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *United States v. Mabry*, 536 F.3d 231, 242-43 (quotation marks and citation omitted). Because the record does not reveal a specific error, we agree that enforcement of Dominguez's waiver would not work a miscarriage of justice.

Third, even if we act on our jurisdiction, we agree that the District Court did not abuse its discretion in denying Dominguez's motion to withdraw his guilty plea. "A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The District Court expressly addressed these factors at the sentencing hearing. Dominguez did not assert his innocence, and his active participation in the plea colloquy undermines his claim that he did not understand the interpreter.

In sum, the record indicates that Dominguez made a knowing and voluntary waiver of his right to appeal, that enforcing that waiver would not work a miscarriage of justice, and that even if we accepted jurisdiction, the District Court did not abuse its discretion in denying Dominguez's motion to withdraw his plea. We therefore agree with

5

Dominguez's counsel that none of the conditions that could overcome an appellate waiver exists here and that there is no nonfrivolous basis on which he may appeal at this time.

B.

Dominguez attempts to supplement the record in his *pro se* brief. Specifically, he alleges that his plea agreement, including its waiver provision, was not knowing and voluntary due to certain advice he received from counsel. The affidavit that Dominguez has attached to his brief is the only evidence before us concerning these allegations.

"It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003); *see also United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004).[1] Those claims typically involve facts that are not developed in the record, and our Court is ill suited to developing the facts. "When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Those problems are exacerbated where, as here, the same counsel was appointed to represent the defendant both at trial and on direct appeal.

---

[1] We have recognized an exception to this practice where "the record is sufficient to allow determination of the issue." *Thornton*, 327 F.3d at 271. That exception does not apply here.

The appropriate way for Dominguez to challenge the effectiveness of his counsel, and thus the voluntariness of his appeal waiver, is an application for a writ of *habeas corpus* under 28 U.S.C. § 2255.  We express no opinion on the merits of his ineffectiveness claim at this time.  We do note, however, that our decision not to decide this issue may not be construed as a bar to an ineffectiveness claim in a collateral challenge.  *See Massaro*, 538 U.S. at 509.

\* \* \* \* \*

Counsel adequately fulfilled the requirements of *Anders*.  We therefore grant counsel's motion to withdraw, affirm the judgment and sentence of the District Court, and dismiss without prejudice the ineffective-assistance-of-counsel claim.